McAdam, C. J.
The plaintiff occupied the store and basement floors of the building known as No. 358 Bowery, in this city. The defendant occupied all the floors of the building over the plaintiff’s store. On the evening of September 22, 1885, an overflow occurred in the water-closet on the second floor of the building controlled by the defendant, _and damaged the plaintiff’s property in the floors, below. How the overflow occurred it is difficult to tell, except that from some agency or other the pipes were found to be clogged up with accumulated substances and would not carry away the water from the closet, which, in consequence, overflowed and'did the damage complained of. Who did the clogging was not proved, and is a matter about which intelligent minds might differ. It was, therefore, a question of fact for the jury to determine, and their finding upon it against the defendant must be accepted as conclusive. The clogging must have been done on the defendant’s floor, which, being under his management and control, the circumstances showing how it occurred, and by whom, was upon him to explain. The explanation could not come from the plaintiff, for he is not supposed to know anything about the management of the defendant’s premises. There was no fault found with the plaintiff’s proofs, and no motion made to dismiss the complaint at any stage of the trial. The case was submitted to the jury by the trial judge under instructions as favorable to the defendant as he could expect or require.
*272 The trial judge charged the jury in these words: “If you find that the main pipe in the sub-cellar was stopped up beyond the traps, with sawdust, sticks, wood, or any other material, unless you can say absolutely that they came from the premises of the defendant through carelessness or negligence of his servants or lodgers, and that the obstructions were allowed to remain there with the defendant’s knowledge, or that of his servants, the plaintiff cannot recover.” There was no exception to these instructions.
The jury rendered a verdict in favor of the plaintiff for $100. It is moderate in amount, according to the proofs.
The case was fairly tried on conflicting proofs, which sufficiently sustain the verdict.
It follows, therefore, that the judgment appealed from must be affirmed, with costs.
Hehrbas and Hyatt, JJ., concur.